UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRENCE DOCKERY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-913-PPS-JEM |
| HOLMSTEAD, et al., | |
| Defendants. | |

OPINION AND ORDER

Terrence Dockery, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Dockery alleges on October 23, 2023, South Bend police officers arrested him solely based on a ShotSpotter activation.[1] He remained in detention at the

---

[1] "ShotSpotter devices are acoustic sensors that identify and locate noises suggestive of gunshots." *United States v. Alexander*, 78 F.4th 346, 347 n.1 (7th Cir. 2023). To Dockery's point, there are some questions about the reliability and admissibility of evidence resulting from this technology. *See, e.g., United States v. Godinez,* 7 F.4th 628, 638 (7th Cir. 2021) ("[W]ithout a more searching examination of ShotSpotter's methods under *Daubert*, we cannot conclude that this evidence was properly admitted'); *United States v. Rickmon,* 952 F.3d 876, 882 (7th Cir. 2020) ("ShotSpotter is not comparable to an eyewitness or known informant; instead, we conclude it is analogous to an anonymous tipster.").

St. Joseph County Jail until October 23, 2023, when his State criminal case was dismissed due to faulty DNA evidence and fingerprint evidence. Due to his wrongful arrest, detention, and prosecution, he seeks money damages.

Unlawful arrest claims, unlawful detention claims, and malicious prosecution clams each turn on whether the State actors had probable cause. *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause."); *Bentz v. City of Kendallville*, 577 F.3d 776, 779 (7th Cir. 2009) ("Where an arrest occurs without probable cause, the plaintiff may bring a claim for unreasonable seizure."); *Sneed v. Rybicki*, 146 F.3d 478, 480 (7th Cir. 1998) ("To state a claim for malicious prosecution under section 1983, a plaintiff must demonstrate that: (1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty."); *Crosson v. Berry*, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005) (The elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor.). "The standard for arrest is probable cause, defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense." *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975).

I have reviewed the electronic docket for the State courts, and I have identified Case No. 71D02-2211-F4-60 filed in the St. Joseph Superior Court as the State criminal

case referenced by Dockery in the complaint.[2] In that case, on November 5, 2022, the prosecution charged Dockery with two counts of unlawful possession of a firearm as a felon and one count of resisting law enforcement based on the events of that day. The accompanying probable cause affidavit read as follows:

> On or about November 5, 2022, Officer Alan Wiegand was driving towards a shot spotter alert. He observed a vehicle in the area and began to follow it. Officer Wiegand observed the vehicle fail to signal a turn at two different intersections and initiated a traffic stop by activating his emergency lights. The vehicle sped up, then slowed and pulled over. The front passenger jumped out and began running . . . . Officer Jerrid Arnold was patrolling behind Officer Weigand and had observed him initiate the traffic stop. After Officer Wiegand began to pursue the male on foot, the vehicle involved in the stop fled the area. Officer Arnold pursued the vehicle with his emergency lights and siren activated. The vehicle . . . [eventually] came to a stop. The driver was identified as Terrence Dockery. There were two other passengers in the vehicle. Dockery was placed under arrest. The vehicle was impounded, and during an inventory, officers found a handgun in the driver's door pocket and another handgun in the area between the driver's seat and the door. A record check shows that Dockery has a prior conviction for Arson, a Level 4 Felony in 94D03-1803-F3-001006.

The State docket further reflects that, on October 23, 2023, the St. Joseph Superior Court dismissed the criminal case on the prosecution's motion in which they represented that, a key witness, Officer Jerrid Arnold, could not attend the trial due to being out of the country.

Review of the probable cause affidavit indicates that the police had an ample basis to arrest Dockery and that the prosecution had an ample basis to initiate criminal charges against him. To start, while the Shot Spotter led the police to the area,

---

[2] Pursuant to Fed. R. Evid. 201, I take judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/

3

Dockery's traffic violations seen by the police office justified the vehicle stop. Officer Arnold saw Dockery flee from the police after a traffic stop had been initiated, which provided probable cause to believe that Dockery had committed the criminal offense of resisting law enforcement. Once Dockery submitted to the traffic stop and was arrested, the police inventoried the vehicle, and they found two firearms in close proximity to the driver's seat. These firearms in tandem with Dockery's prior conviction constitute probable cause to believe that Dockery unlawfully possessed firearms even excluding any consideration of the ShotSpotter activation. The facts set forth in the probable cause affidavit thus suggest that the prosecution and police had an ample basis to arrest and to prosecute him.

The allegations in the complaint further suggest that the criminal case fell apart as it went on due to problematic forensic evidence, which eroded the initial justification for seizing Dockery to the point that his continued detention at the St. Joseph County Jail became unlawful. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 364-70 (2017) (comparing and contrasting unlawful arrest and unlawful detention claims). But this seems unlikely for two reasons. First, the prosecution's stated reason for dismissing the case was the absence of one of its primary witnesses with no indication that they could not otherwise prove the charges against Dockery. Second, given the close proximity of the firearms to the driver's seat, it is unclear how forensic evidence could have eroded the evidence presented in the probable cause affidavit to the point that it rendered Dockery's continued detention unlawful. And it is even less clear how forensic evidence could have meaningfully undermined the charge of resisting law enforcement. Because

the State court docket indicates that the State actors had probable cause to arrest, to detain, and to prosecute Dockery throughout the duration of his criminal case, he does not plausibly state any valid federal claims.

Dockery also asserts a State law claim of intentional infliction of emotional distress. Under Indiana law, the elements of a claim of intentional infliction of emotional distress are: "the defendant (1) engages in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another." *Bah v. Mac's Convenience Stores, LLC*, 37 N.E.3d 539, 549 (Ind. Ct. App. 2015). However, given that the State actors appeared to have probable cause at all relevant times, I cannot find that Dockery has plausibly alleged extreme and outrageous conduct, so he cannot proceed on this claim on these allegations.

Additionally, Dockery asserts a State law claim of defamation because his face was put on the "Busted website," which described him as a seriously violent felon who possessed handguns. Under Indiana law, "[t]o establish a claim of defamation, a plaintiff must prove the existence of a communication with defamatory imputation, malice, publication, and damages." *Dugan v. Mittal Steel USA Inc.*, 929 N.E.2d 184, 186 (Ind. 2010). A statement is made with "actual malice" if it was made "with knowledge that it was false or with reckless disregard of whether it was false or not." *Journal-Gazette Co. v. Bandido's, Inc.*, 712 N.E.2d 446, 451 (Ind. 1999). Indiana has extended the actual malice standard to defamation cases involving private individuals. *Id.* at 452-54. Here, too, the apparent presence of probable cause seems to fatally undermine the existence of actual malice. Moreover, Dockery does not tie the publication of this

5

information to any defendant. Therefore, Dockery also may not proceed on a claim of defamation on these allegations.

In sum, this complaint does not state a claim for which relief can be granted. If Dockery believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He must also file an amended complaint that is complete in and of itself and that does not purport to incorporate prior complaints by reference.

Based on what the complaint and the State court docket say, it is not plausible to infer that the State actors lacked probable cause at any relevant time or that they are liable under State law claims. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

6

(even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

For these reasons, the court:

(1) GRANTS Terrence Dockery until **June 2, 2025**, to file an amended complaint; and

(2) CAUTIONS Terrence Dockery if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED:  April 30, 2025.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT